WRIGHT, J.
to the jury. This suit is to- recover the' principal and interest of two acceptances of J. Oliphant & Go. If you are satisfied that the defendant was a member of that firm at the time of the acceptances, the plaintiff is entitled to recover, unless some 221] of the *matters set up in the defence are made out. If you think it established, that he was a partner, you will inquire into the defence, which is, 1st. That the plaintiff was a member of the firm of J. Oliphant & Co. and being jointly liable with his copartners, cannot sue them at law; and 2d. That Alden, the holder of the draft, discharged the plaintiff, on receiving a hundred dollars, which discharge enures to the benefit of all the partners, including the defendant. If the plaintiff was a member of the firm when the drafts were accejjted, your verdict should be for the defendant; if not, for the plaintiff. It is in proof, that the firm of J. Oliphant & Go. never existed until after Wescott left the concern; and that he never was a member of that firm. The dissolution of the old firm, and the formation of the new one, was on the 16th March, 1829. One of the drafts is dated the 24th February, in New York, nearly a month before that time. The question is, when the drafts were accepted? If after the dissolution, then they are the obligations of the new firm. They may have been drawn upon the new firm, in anticipation of its formation. Of the time of the acceptance, you are to judge, under all the circumstances. If the acceptances were by the neio firm, and the plaintiff afterwards paid one hundred dollars to be discharged from his real or supposed ultimate liability, that would not affect the claim. But if the acceptance was by the old firm, the plaintiff was liable as one of the acceptors, and a discharge of him Would discharge the whole.
Verdict and judgment for the plaintiff, 1895.88.